THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**EQUAL RIGHTS CENTER**
11 Dupont Circle, N.W., Suite 450
Washington, D.C. 20036,

      Plaintiff,

    v.

**DETRICK PLAZA APARTMENTS**
1709 West Seventh Street, T4
Frederick, Md. 21702
(Resident of Frederick County, Md.),

**FREDERICKTOWN ASSOCIATES LIMITED PARTNERSHIP**
10907 Highland School Road
Myersville, Md. 21773
(Resident of Frederick County, Md.),

**CRAIG HENRY**
10073 Vista Court
Myersville, Md. 21773
(Resident of Frederick County, Md.),

  and

**FRANCIS FAWCETT**
6201 Atlantic Avenue
Ocean City, Md. 21842
(Resident of Worcester County, Md.),

      Defendants.

Civil Action No. 13-_____

# **COMPLAINT**

1.        Defendants have discriminated against persons who are blind by refusing them access to rental housing in the Detrick Plaza Apartments on account of their disability. On at least two occasions, agents of Detrick Plaza told a blind person who uses a service animal that she could not rent an apartment at Detrick Plaza because its policies forbid residents from having dogs, and those policies make no exceptions for blind persons who use a service animal.

2.        By refusing to rent to persons who are blind and who use a service animal, Defendants are in violation of Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. §§ 3601–31, which requires Defendants to make reasonable accommodations for persons with disabilities, including for assistance animals. *See Bronk v. Ineichen*, 54 F.3d 425, 428–31 (7th Cir. 1995) (holding that modifying no-pets policy to allow service animals is *per se* reasonable). For the same reasons, Defendants are also in violation of Section 7-704(c) (among others) of the Human Services Article of the Code of Maryland, which grants persons who use service animals "full and equal access to housing accommodations."

## JURISDICTION AND VENUE

3.        The Court has jurisdiction because this action arises under the laws of the United States, namely Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. §§ 3601–31. *See* 28 U.S.C. § 1331. Furthermore, the Fair Housing Act permits aggrieved persons to bring civil actions in an appropriate United States district court. 42 U.S.C. § 3613.

4.        Venue is proper in this District under 28 U.S.C. § 1391(b) because all of the defendants are residents of Maryland and, independently, because a substantial part of the events giving rise to the claim occurred in Maryland.

- 3 -

## PLAINTIFF

5.   The Equal Rights Center is a nonprofit civil rights organization organized under the laws of the District of Columbia, and its principal place of business is located at 11 Dupont Circle, N.W., Suite 450, Washington, District of Columbia 20036. It has members in all fifty states and the District of Columbia and advocates for equal opportunities in housing, employment, and access to public accommodations and government services for persons with disabilities and for all other protected classes of persons.  It conducts multi-disciplinary programs involving education and outreach, counseling, diversity training, advocacy, testing and compliance services, as well as research and planning, all towards advancing equal housing opportunities, among other things. These various programs provide guidance, information, and assistance to persons seeking housing throughout the greater Washington, D.C. metropolitan area, the state of Maryland, and the rest of the country. The Equal Rights Center also conducts and participates in programs to educate the real estate industry about its obligations under the federal, state, and local fair housing laws.

6.   The Equal Rights Center has standing because Defendants' wrongdoing has injured and continues to injure the Equal Rights Center by frustrating its mission and efforts to achieve equal opportunity in housing for persons with disabilities through its multidisciplinary programs. In addition, the Equal Rights Center has had to divert and continues to divert financial and human resources to identify and counteract Defendants' discriminatory policies and practices.

## DEFENDANTS

7.   Detrick Plaza Apartments is a 100-unit apartment complex located at 1709 West Seventh Street, Frederick, Maryland 21702. It is composed of units that are "dwellings" within the meaning of

the Fair Housing Act because they are "occupied as, or designed or intended for occupancy as, a residence by one or more families." 42 U.S.C. § 3602(b).

8. Based on information and belief, Defendant Detrick Plaza Apartments is a Maryland sole proprietorship that manages the apartments of the same name.

9. Based on information and belief, Defendant Fredericktown Associates Limited Partnership is a Maryland limited partnership that owns and operates the Detrick Plaza Apartments.

10. Based on information and belief, Defendant Craig Henry is the owner of Defendant Detrick Plaza Apartments and a general partner of Fredericktown Associates, which in turn is the general partner of Defendant Fredericktown Associates Limited Partnership. Based on information and belief, Defendant Craig Henry sets policies for Detrick Plaza Apartments, including policies about service animals.

11. Based on information and belief, Defendant Francis Fawcett is the president of Fredericktown Associates, the general partner of Defendant Fredericktown Associates Limited Partnership. With Defendant Craig Henry, Defendant Francis Fawcett sets policies for Detrick Plaza Apartments, including policies about service animals.

## STATEMENT OF CLAIM

12. Individuals with disabilities who use service animals and advocates for such individuals have complained to the Equal Rights Center about housing providers refusing to make reasonable accommodations to permit persons with disabilities to keep a service animal in rental housing. Other organizations, such as the American Council for the Blind, have confirmed that such discrimination is a pervasive problem for people who use guide dogs.

13.     Based on this information, the Equal Rights Center in 2011 began a survey of housing providers in order to determine the existence and scope of discrimination against persons who use service animals, and to work to remedy that discrimination. The Equal Rights Center designed civil rights testing to examine whether rental housing providers would make a reasonable accommodation for people who use service animals and conducted that test at approximately 100 rental-housing providers in the Washington, D.C. metropolitan area.

14.     As a result of this survey, the Equal Rights Center tested Defendants again for violations of fair-housing laws in February of 2012.  Both tests conducted at Detrick Plaza Apartments showed that it has a policy and practice of discriminating against blind persons who need a service animal by refusing to modify its no-pets policy to accommodate persons with disabilities.

15.     On February 16, 2012, a tester for the Equal Rights Center contacted Detrick Plaza Apartments and spoke to "Barbara," who represented herself as an agent of Detrick Plaza Apartments. After informing the tester that there was an apartment available for rent on March 10, 2012, Barbara said that Detrick Plaza did not allow dogs. The tester explained that she was blind and that she used a guide dog. The tester asked whether Detrick Plaza would accommodate her by making an exception to its no-pets policy. Barbara said that Detrick Plaza did not allow dogs of any kind and no exception would be made for persons who are blind. Barbara suggested the tester try another apartment building.

16.     On July 30, 2012, a second tester for the ERC contacted Detrick Plaza Apartments and spoke to "Tom," who represented himself as an agent of Detrick Plaza Apartments. The tester asked about available apartments. Before answering, Tom asked if the tester had a dog. The tester explained that she was blind and used a service dog. Tom said that Detrick Plaza Apartments had a policy of absolutely no dogs. The tester asked if Detrick Plaza would make an exception for her, and Tom advised

that it was out of the question.  The tester again explained again that she is blind and requires a dog as a service animal and repeated her request for an exception. Tom again said that it would be out of the question and explained that Detrick Plaza did not allow any dogs.

### First Cause of Action
### Violations of Title VIII of the Civil Rights Act of 1968
### as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. §§ 3601–31

17. All of the facts alleged in the paragraphs above are incorporated into this First Cause of Action.

18. Defendants have discriminated in the rental of, or otherwise made unavailable and denied, a dwelling to persons because of the disabilities of those persons. *See* 42 U.S.C. § 3604(f)(1).

19. Defendants have discriminated against persons in the terms, conditions, and privileges of rental of a dwelling, and in the provision of services and facilities in connection with such dwelling, because of the disabilities of those persons. *See* 42 U.S.C. § 3604(f)(2).

20. Defendants' discrimination includes their refusal to make reasonable accommodations in rules, policies, practices, and services, even though such accommodations are necessary to afford persons with disabilities an equal opportunity to use and enjoy a dwelling. *See* 42 U.S.C. § 3604(f)(3)(B).

21. Defendants have made, printed, and published (or caused to be made, printed, and published) statements with respect to the rental of a dwelling that indicates a preference, limitation, and discrimination (and an intention to prefer, limit, and discriminate) based on the disabilities of persons. *See* 42 U.S.C. § 3604(c).

22. Defendants have represented to persons because of those persons' disabilities that a dwelling is not available for inspection or rental when such dwelling is in fact so available. *See* 42 U.S.C. § 3604(d).

23. Defendants' conduct described in this First Cause of Action was intentional, willful, and done in reckless disregard for the rights of persons with disabilities and of the Equal Rights Center.

### Second Cause of Action
### Violations the Human Services Article
### of the Code of Maryland

24. All of the facts alleged in the paragraphs above are incorporated into this Second Cause of Action.

25. Defendants have denied and interfered with the rights of individuals with disabilities who have, obtain, or may wish to obtain a service animal (or an animal to be trained or raised as a service animal) to full and equal access to housing. *See* Md. Code Ann., Human Services § 7-704(c)(3).

26. Defendants have denied and interfered with the admittance of a service animal that accompanies an individual with a disability. *See* Md. Code Ann., Human Services § 7-705(e)(1)(i).

27. Defendants' conduct described in this Second Cause of Action was intentional, willful, and done in reckless disregard for the rights of persons with disabilities and of the Equal Rights Center.

### PRAYER FOR RELIEF

WHEREFORE the Equal Rights Center asks for the following relief:

(a) A declaration that Defendants' actions, policies, and practices alleged herein violate the Fair Housing Act and Section 7-704(c) of the Human Services Article of the Code of Maryland.

(b) An injunction against Defendants, their agents, employees, and successors, and all other persons in concert or participation with any of them

    (i) prohibiting them from discriminating on the basis of disability in any aspect of the sale or rental of a dwelling;

    (ii) prohibiting them from discriminating in the terms, conditions, or privileges of rental of a dwelling, or in the provision of services or facilities in connection with such a dwelling, on the basis of disability;

    (iii) requiring them to make reasonable accommodations in the rules, policies, practices, or services, when such accommodations may be necessary to afford equal opportunity to use and enjoy a dwelling;

    (iv) prohibiting them from stating any preference, limitation, or discrimination on the basis of disability;

    (v) prohibiting them from representing, based on disability, that a dwelling is not available for rent when such dwelling is in fact so available;

    (vi) requiring them to take such steps as may be necessary to prevent the recurrence of any discriminatory conduct in the future; and

    (vii) prohibiting them from denying and interfering with the rights of individuals with disabilities who have, obtain, or may wish to obtain a service animal (or an animal to be trained or raised as a service animal) to full and equal access to housing.

(c) An award of actual money damages to the Equal Rights Center as allowed by 42 U.S.C. § 3613(c)(1).

(d) Punitive damages as allowed by 42 U.S.C. § 3613(c)(1).

(e) Reasonable costs and attorneys' fees as allowed by 42 U.S.C. § 3613(c)(2).

(f) Such other relief as the interests of justice require.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Equal Rights Center demands a trial by jury.

Dated: April 23, 2013

Respectfully submitted,
THE EQUAL RIGHTS CENTER
by its attorneys,

  /s/ Mark H. Churchill

| | |
|---|---|
| Megan K. Whyte (Bar No. 18255) | Mark H. Churchill (Bar No. 16065) |
| Robert M. Bruskin (Bar No. 17479) | Margaret H. Warner |
| WASHINGTON LAWYERS' COMMITTEE | Johnny H. Walker |
|   FOR CIVIL RIGHTS & URBAN AFFAIRS | MCDERMOTT WILL & EMERY LLP |
| 11 Dupont Circle, N.W., Suite 400 | 500 North Capitol Street, N.W. |
| Washington, D.C. 20036 | Washington, D.C. 20001 |
| Telephone: 202.319.1000 | Telephone: 202.756.8000 |
| Facsimile: 202.319.1010 | Facsimile: 202.756.8087 |
| Emails:  Megan_Whyte@washlaw.org | Emails: mchurchill@mwe.com |
|          Bob_Bruskin@washlaw.org |         mwarner@mwe.com |
| |         jhwalker@mwe.com |